IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-30980

SHARON M CRARY

Plaintiff - Appellant

v.

EAST BATON ROUGE PARISH SCHOOL BOARD

Defendant - Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
No. 3:04-CV-588

Before KING, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In 2003, Sharon Crary, a 63-year-old white female, was demoted from her position as Director of Special Education Services in the East Baton Rouge Parish School Board and subsequently retired. She alleged in federal district court that she was constructively discharged from her position and that the school board discriminated against her on the basis of race and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and on the basis of age in violation of the Age Discrimination in Employment Act of 1967,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

29 U.S.C. §621, *et seq*. She also asserted a state law claim under Louisiana Revised Statutes Annotated § 17:444(B). The district court granted summary judgment in favor of the school board. Although it gave reasons in remarks from the bench, those remarks never explicitly addressed her state law claim.

We assume, without deciding, that Crary was constructively discharged, and that she was replaced by a younger, black male. We conclude, however, that there is insufficient evidence in the summary judgment record that the school board's stated reason for the discharge (that she mishandled the reporting of special education students to Louisiana's Department of Education, with disastrous consequences) was a pretext for discrimination on the basis of race, sex or age. The only evidence of age discrimination to which Crary could point was testimony by Annette Mire, head of the school board's Human Resources department. Mire stated that it was important to Clayton Wilcox, the Superintendent, that the school board project the image of youth and vitality when recruiting new teachers "so that there would be more of an identity with the younger graduates." That evidence does not support Crary's claim of age discrimination in connection with her position and responsibilities as Director of Special Education. Accordingly, the district court's judgment on Crary's race, sex and age discrimination claims is affirmed.

Crary's state law claim is based on §17:444(B)(4)(c)(iii) of the Louisiana Revised Statutes, which states:

> The employee shall be retained during the term of a contract unless the employee is found incompetent or inefficient or is found to have failed to fulfill the terms and performance objectives of his contract. However, before an employee can be removed during the contract period, he shall have the right to written charges and a fair hearing before the board after reasonable written notice.

Crary asserts, *inter alia*, that the school board did not follow this procedure as there was no notice provided (let alone in a reasonable amount of time), no hearing was held, and no hearing could have been held in such a short period of

time. We are unsure of the district court's basis for dismissing this claim. We thus vacate that portion of the judgment and remand for further consideration. Additionally, since this state law claim is the only remaining claim, we urge the district court to consider declining to address the state law claim as permitted by 28 U.S.C. § 1367(c). The decision of the district court on this point, however, is entirely within its discretion. The attention of all parties is specifically directed to § 1367(d).

For the foregoing reasons, we AFFIRM the district court's judgment on the discrimination claims and VACATE and REMAND the judgment on the state law claim. Costs shall be borne by Crary.